IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES A. HOWARD,
       Plaintiff,

vs.                                                                      Case No: 3:11cv157/MCR/EMT

RAYMOND E. MABUS,
       Defendant.
_____/

**REPORT AND RECOMMENDATION**

     This cause is before the court upon referral from the clerk.  Plaintiff, proceeding pro se, commenced this action by filing a civil complaint under Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et seq.* (doc. 1).  The filing fee has been paid.

     On May 2, 2011, this court issued an order directing the clerk to issue summons for Defendant and instructing Plaintiff that it was his responsibility to formally serve the complaint (doc. 8).  In light of Plaintiff's pro se status, the court provided him with information concerning service, including the fact that Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint within 120 days from the date of filing the complaint (*id.*).  Over 120 days elapsed with no activity in this case; therefore, on September 6, 2011, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to effect service and failure to prosecute (doc. 10).  The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

     Rule 4(m) of the Federal Rules of Civil Procedure provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) (2010).  This court must first determine whether Plaintiff has shown "good cause" for his failure to effect service within the requisite time period.  If the court determines Plaintiff has failed to show "good cause," the next inquiry is whether this action should be dismissed.

In the instant case, Plaintiff has not explained his failure to comply with Rule 4(m).  Furthermore, he has not requested an extension of time to effect service, nor has he otherwise indicated he would attempt service if given more time to do so.  Thus, there exists no basis to conclude that an extension of time would result in further prosecution of this action.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

At Pensacola, Florida, this 29th day of September 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**